UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWN CAPITAL, L.L.C., a California limited
liability company,

        Plaintiff,                       Case Number:  10-50961

v.                                       HON. MARIANNE O. BATTANI

JOHNNY'S ENTERPRISES, INC., a South
Carolina corporation, and
JOHN C. DANGERFIELD, an individual,

        Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR REHEARING/RECONSIDERATION
OF THE COURT'S FEBRUARY 10, 2011, ORDER**

        Before the Court is Defendants' Motion for Rehearing/Reconsideration (Doc. 30) of the Court's February 12, 2011, Order Dismissing as Moot and Without Prejudice Defendants' Motion to Dismiss Action for Lack of Subject-Matter and Personal Jurisdiction and Other Relief and Motion to Vacate Order Confirming Arbitrator's Award and Other Relief (Doc. 28).  For the reasons discussed below, the motion is **DENIED**.

**I.      BACKGROUND**

        Shortly after Plaintiff filed an Amended Motion For Confirmation of Arbitration Award (Doc. 26), on February 12, 2011, the Court dismissed as moot, and without prejudice, Defendants' Motion to Dismiss Action for Lack of Subject-Matter and Personal Jurisdiction and Other Relief (Doc. 7) and Motion to Vacate Order Confirming Arbitrator's Award and Other Relief (Doc. 9).  (Doc. 28).  Defendants filed a timely motion for reconsideration of that Order.  (Doc. 30).

## II.    STANDARD OF REVIEW

The Court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. E.D. Mich. L.R. 7.1(g)(3). To obtain the relief requested, the movant must demonstrate: (1) a "palpable defect" by which the court and the parties have been misled and (2) demonstrate that "correcting the defect will result in a different disposition of the case." Id.; see also, Graham ex rel. Estate of Graham v. County of Washtenaw, 358 F.3d 377, 385 (6th Cir.2004); Aetna Cas. and Sur. Co. v. Dow Chemical Co., 44 F.Supp.2d 865, 866 (E.D. Mich. 1999). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. Armstrong v. Eagle Rock Entertainment, Inc., 655 F.Supp.2d 779 (E.D. Mich. 2009) (quoting United States v. Lockett, 328 F.Supp.2d 682, 684 (E.D. Mich. 2004)).

## III.    ANALYSIS

Defendants describe this case as a "procedural quagmire." (Doc. 30 at 2, n.1). The Court agrees. The February 12th Order was designed to put the parties on equal footing and bring some procedural clarity to this matter. The Court finds no palpable defect in that Order.

Defendants' Motion to Dismiss Action for Lack of Subject-Matter and Personal Jurisdiction and Other Relief (Doc. 7) attacked the jurisdictional basis of Plaintiff's Motion for Confirmation of Arbitrator's Award (Doc. 1). Plaintiff subsequently withdrew its motion to confirm. (Doc. 14). At that point, Defendants' jurisdictional motion addressed a motion that was no longer pending before the Court. Plaintiff then filed an Amended Motion for Confirmation of Arbitration Award (Doc. 26) in which it appears to have addressed certain shortcomings identified in Defendants' jurisdiction motion. The Court entered a briefing

schedule for that motion and set a hearing date for April 28, 2011. (Doc. 27). If Defendants want to challenge the jurisdictional basis of Plaintiff's amended motion, or raise any other alleged procedural deficiencies, the Court grants them leave to file yet another motion. If filed, the Court will enter an accelerated briefing schedule to coincide with the April 28, 2011 hearing date set for Plaintiff's amended motion.

Defendants contributed to the procedural quagmire by filing duplicative motions. On the same day, they filed a Motion to Vacate Order Confirming Arbitrator's Award to Correct Clerical Mistake and/or Mistake Arising From Oversight or Omission and Other Relief (Doc. 8) and a Motion to Vacate Order Confirming Arbitrator's Award and Other Relief (Doc. 9). Both motions asked the Court to vacate the Order Confirming Arbitrator's Award; Doc. 9 added the request to vacate the arbitration award itself. See, (Doc. 9 at 2, ¶5). Subsequent to Defendants' filings, the Court vacated the confirmation Order *sua sponte*. (Doc. 11).

At the November 17th hearing on Defendants' outstanding motions, Plaintiff explained it did not file a response to Doc. 8 or Doc. 9 because the Court granted the relief requested *sua sponte*. Defendants claimed the Court had only *partially* granted the relief requested. For the first time they explained that Doc. 9's request to vacate the underlying arbitration award was conditioned upon the Court's jurisdiction finding, i.e., the request to vacate became "active" only if the Court found itself with jurisdiction over Plaintiff's original motion to confirm. The motion's title does not indicate that Defendants are challenging the arbitration award itself nor does the motion or brief sufficiently explain the conditional nature of the request. A full discussion of the Court's frustration and Plaintiff's confusion with

Defendants' procedural approach can be found in the transcript of the November 17th hearing and will not be repeated here.

Upon Plaintiff's filing of the Amended Motion for Confirmation of Arbitration Award, the Court dismissed without prejudice Doc. 9, intending that Defendants have a second opportunity to challenge the underlying award, if they so chose. As the Court anticipated, Defendants filed a proper Motion to Vacate, Modify and/or Correct Arbitration Award. (Doc. 31). The Court expects concise briefing from the parties on these issues and will enter a notice of hearing in a separate order.

### IV.  CONCLUSION

Plaintiff's filing of the Amended Motion For Confirmation of Arbitration Award gave the Court an opportunity to resolve the many procedural irregularities by essentially restarting this litigation. Accordingly, the Court finds no reason to upset the February 12th Order.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: March 11, 2011

### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager